COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ABATEMENT ORDER

Appellate case name:     Ronald Wayne Earls v. The State of Texas

Appellate case number:   01-17-00312-CR

Trial court case number:  1466294

Trial court:             232nd District Court of Harris County

The record was due on July 20, 2017. A notice of late record was sent to the court reporter, Arlene F. Webb, on July 28, 2017. Ms. Webb did not respond and did not file the reporter's record. On September 27, 2017, this Court issued an order for Ms. Webb to file the reporter's record on or before October 9, 2017. No response or motion for extension was filed and no reporter's record was filed.

Accordingly, we **abate** this appeal and **remand** to the trial court for a hearing to be held **within 30 days of the date of this order**, to determine if the reporter's record of the trial is lost or destroyed and appellant is entitled to a new trial pursuant to Texas Rule of Appellate Procedure 34.6(f). *See* TEX. R. APP. P. 34.6(f); 35.3(c) (allowing appellate courts to enter any order necessary to ensure timely filing of record).

All counsel and appellant shall be present in person at the abatement hearing. The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. If appellant is now incarcerated, he may appear by closed video teleconference.[1]

At the hearing, if the trial court determines the record is not lost or destroyed, it should set a date certain, in no event more than 30 days from the date of this order, for the record to be filed in this Court. If the record is lost or destroyed, findings of fact and conclusions of law are to be filed to that effect with this Court **within 30 days of the date of this order**.

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, the trial court's findings and recommendations and any

orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court **no later than 30 days from the date of this order.**[1]

It is so ORDERED.

Judge's signature: /s/ Harvey Brown
        ☑ Acting individually    ☐ Acting for the Court

Date: October 17, 2017

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.